# CASES

## ARGUED AND DETERMINED

#### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### CRABTREE v. McCURTAIN.

#### (Circuit Court of Appeals, Eighth Circuit. January 25, 1895.)

#### No. 365.

PRACTICE—MOTION FOR REARGUMENT—DILIGENCE.

> Where a standing order of the circuit court of appeals directs that mandates upon decisions of that court shall be retained for 60 days before transmission to the lower court, a motion for reargument should be made within such 60 days, unless it appears that counsel were not notified of the decision, or could not, with reasonable diligence, have ascertained the facts on which the motion is based within that time; and a motion made over six months after the decision, on grounds easily ascertainable at any time, comes too late.

In Error to the United States Court in the Indian Territory.

Motion for leave to file a petition for rehearing, which was received by the clerk November 24, 1894, denied.

George E. Nelson, for plaintiff in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. May 7, 1894, the judgment of the United States court in the Indian Territory in this case, which was brought to this court on writ of error, was affirmed with costs because it appeared from the record presented to this court that no assignment of errors was filed until after six months from the entry of the judgment below. Crabtree v. McCurtain, 61 Fed. 808, 10 C. C. A. 86. Pursuant to the standing order of February 20, 1893, the clerk issued the mandate of this court to the court below 60 days after this decision, on July 7, 1894. November 24, 1894, the clerk received a motion for a rehearing on the ground that the assignment of errors was in fact filed within six months of the entry of the judgment below, although by mistake it appeared in the record presented to this court to have been filed more than six months thereafter. The motion papers were not filed, but were

v.66F.no.1—1

returned to counsel for plaintiff in error on the ground that the application came too late. He now applies for leave to renew the motion, and to file the motioñ papers.

No showing of diligence in preparing this motion for rehearing is made, and we think that the lapse of time from May 7, 1894, to November 24, 1894, evidences such a lack of diligence that we ought not now to hear this motion. Motions for rehearings should be made within the 60 days fixed by the order of this court for the retention of the mandate to the lower court, unless it clearly appears that counsel was not informed of the decision, or that he could not have ascertained the facts on which his motion is based, by the exercise of reasonable diligence, within that time. The mistake upon which this motion is based is that the original record in the court below shows that the assignment of errors was filed September 10, 1893, while the printed record in this court shows it to have been filed September 18, 1893. We can conceive of no reason why counsel could not have ascertained this fact within 60 days of the decision affirming the judgment of the court below, as notice of that decision, and of the ground on which it was made, was mailed to him on the day it was filed. The motion for leave to file this petition for rehearing must be denied, and it is so ordered